[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4303
The defendant, Scott Delohery, moves this court to reopen a divorce judgment that awarded the plaintiff, Pamela Delohery (now Pamela Jaycox), a second mortgage in the amount of $21,300 on the former marital home located in Sharon, Connecticut. The defendant prays this court "reopen its judgment based on fraud in filing a false financial affidavit and vacate the second mortgage to the Plaintiff. . . ." (Defendant's Post-Hearing Brief, p. 10).
The defendant argues that "[p]laintiff's omission of . . . three welfare liens from her financial affidavit dated April 28, 1993 was an act of fraud and directly influenced the Court's property distribution regarding the martial residence." (Defendant's Post Hearing Brief, p. 8). The plaintiff stipulated to the fact that she was receiving financial assistance from the State of Connecticut from January 15, 1992 through June 30, 1992. (Transcript of March 9, 1999 Hearing, p. 15). The plaintiff did not disclose this assistance on any financial affidavit submitted before the April 28, 1993 judgment. In addition, the plaintiff stated, "I have no problems paying off the liens when the house is sold or whatever . . . I am not fighting the liens." (Transcript of March 9, 1999 Hearing, p. 4).
"The essential elements of an action in fraud, as we have repeatedly held, are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." Rizzo Pool Co. v. Del Grosso, 232 Conn. 666,683, 657 A.2d 1087 (1995). The Connecticut Supreme Court imposes three limitations on the granting of relief from a marital judgment secured by fraud: "[t]here must have been no laches or unreasonable delay by the injured party after the fraud was discovered, . . . [t]here must be clear proof of the perjury or fraud, . . . and there must be a substantial likelihood that the result of the new trial will be different." See Billington v.Billington, 220 Conn. 212, 218, 595 A.2d 1377 (1991).[1] "Our cases have uniformly emphasized the need for full and frank disclosure in [the financial] affidavit. A court is entitled to rely upon the truth and accuracy of sworn statements . . . and a misrepresentation of assets and income is a serious and intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding." Id., 219-20. CT Page 4304
The court finds that defendant has met its burden in establishing fraud because the plaintiff failed to disclose the welfare liens on her financial affidavit at time of the April 28, 1993 judgment. Clearly, there is a substantial likelihood that prior court would not have awarded the plaintiff a second mortgage had she disclosed the liens. In addition, the plaintiff does not contest the liens and there was no unreasonable delay by the defendant in seeking to reopen the judgment after he discovered the fraud.
Based on the testimony of the three governmental agencies that hold liens on the property, the total debt owed is $21,772.71. The plaintiff's second mortgage is $21,300. The court grants the defendant's motion to reopen the judgment and vacates the plaintiff's second mortgage on the property. The plaintiff will hold the defendant harmless for the difference between the actual debt and the amount of the second mortgage.
So Ordered.
BY THE COURT
PETER EMMETT WIESE, J.